UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1617 (JEB) |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PERMIT A
SAMPLE _VAUGHN_ INDEX AND PROPOSED BRIEFING SCHEDULE**

Defendant United States Environmental Protection Agency ("Defendant") submits the

following memorandum in support of its Motion to Permit a Sample _Vaughn_ Index and a

Proposed Briefing Schedule.

**STATEMENT OF FACTS**

Plaintiff, a public policy organization in Washington DC, submitted three Freedom of

Information Act (FOIA) requests to the EPA in May 2012.  Complaint, ¶¶ 1 & 11.  The subject of

the requests relates to records pertaining to "secondary" e-mail accounts for EPA administrators.

Complaint, ¶ 1.

Plaintiff filed the Complaint herein on September 28, 2012, asserting various claims

under the FOIA.  There are three FOIA requests that are the subject of the complaint.  Per the

Plaintiff, the claim concerning one of the requests is moot, because responsive documents were

produced to Plaintiff's satisfaction.

With respect to one of the remaining claims (HQ-FOI-01270-12), Defendant performed a

*de novo* search for records and provided Plaintiff with a no records response.  Plaintiff has not

withdrawn its claim concerning this request; hence, this claim will be one subject of Defendant's

dispositive motion.

With respect to the other remaining claim (HQ-FOI-01268-12), Defendant processed a

total of 11,782 documents and produced those documents in a rolling production from January

through April 2013.  In those productions, 5,084 documents were produced in full, 4,983 were

partially withheld, and 1,715 were withheld in full (for a total of 6,698 partially and fully

withheld documents).

## PROCEDURAL HISTORY

On March 8, 2013, the Court entered its Minute Order ordering that Defendant's response

(or dispositive motion) to the remaining claims in the Complaint be filed by June 10, 2013.

Defendant requests this deadline be modified for the reasons set forth below.

Since the time of the productions, Defendant has been diligently working in an effort to

meet the June 10th filing deadline.  Defendant has engaged in a quality control process to review

the productions to ensure that each document was correctly described with the appropriate

exemptions in the document collection database, which is used to generate a document index.

However, given the number of documents, the impact of other important business (including at

least five other pending FOIA lawsuits filed by the same Plaintiff during this period), and

reduced agency staffing resulting from furloughs, the process has taken longer than originally

contemplated.

In December, 2012, the parties agreed to meet and confer to determine whether a sample

*Vaughn* index would be appropriate.  Due to the large number of fully and partially withheld

documents (6,698), a *Vaughn* index covering all the 6,698 documents would be a massive

undertaking that would consume a disproportionate amount of Defendant's limited time and

resources.  The parties have conferred during the past month but, as of this writing, have been

unable to reach an agreement on the content of a sample *Vaughn* index.

Defendant proposes to use sampling procedures for its *Vaughn* index that would allow for

a representative sample constituting approximately 3% of the fully and partially withheld

documents.  Specifically, the representative sample would consist of every 33rd document, for a

total of approximately 200 documents.  *See Bonner v. U.S. Dept. of State*, 928 F.2d 1148, 1151

(D.C. Cir. 1991) (permitting a sample of 63 documents out of 1,776 documents withheld);

*Meeropol v. Meese*, 790 F.2d 942, 958 (D.C. Cir. 1986) (deeming sample consisting of 1% of

documents appropriate); *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1490 (D.C. Cir. 1984)

(deeming sample of 0.5% appropriate).

As mentioned above, Defendant met and conferred with the Plaintiff concerning the

parameters of a sample *Vaughn* index.  On or about May 10, 2013, Defendant proposed sampling

every 100th document.  Plaintiff responded that it was not adverse to a sampling of the *partially*

withheld documents (although not agreeing to the proposal of every 100th document) and,

although not completely clear in its communication, suggested that *all* of the fully withheld be

part of the *Vaughn* index.  Defendant responded by offering to *Vaughn* every 40th document.

Plaintiff did not agree to the proposal nor did Plaintiff propose an alternative sample size.

Plaintiff pointed out that Defendant was to provide a list of the fully withheld documents (which

will have been sent to Plaintiff by the time this motion is filed).[1]  The list agreed to be provided

is *not* a full *Vaughn* index that includes detailed descriptions of the document and the basis for

withholdings, but does include the tracking numbers, sender, recipients, date, time and titles of

any included attachments to the e-mail, as well as the exemption(s) claimed on the document.

Plaintiff has yet to propose a sample size to Defendant.  Thus, Defendant now files this

motion and, as set forth above, suggests a sample size of 3%, which calculates to approximately

every 33rd document.  Defendant submits that the proposal is reasonable.

## ARGUMENT

The D.C. Circuit has held that "[r]epresentative sampling is an appropriate procedure to

test any agency's FOIA exemption claims when a large number of documents are involved"

because it "allows the court and the parties to reduce a voluminous FOIA exemption case to a

manageable number of items that can be evaluated individually through a *Vaughn* index or an *in

camera* inspection."  *Bonner*, 928 F.2d at 1151.  The courts have found that it is unnecessary for

agencies to produce full *Vaughn* indices in cases involving voluminous responsive records

because "the District Court clearly could not have undertaken a review of each of the

documents."  *Weisberg*, 745 F.2d at 1489-90; *see Meeropol*, 790 F.2d at 959 (approving random

sampling of 1% of responsive documents); *Ash Grove Cement Co. v. Federal Trade

Commission*, 511 F.2d 815, 817 (D.C. Cir. 1975) (approving sampling of documents for *in

camera* inspection); *Campaign for Responsible Transplantation v. FDA*, 180 F. Supp. 2d 29, 34

---

[1] Defendant represented in its December 14, 2012, Consent Motion for Extension of Time that a
list of documents withheld in their entirety would be provided to Plaintiff with the last
production.  Because the database that would electronically generate this list had to be manually
updated with the correct exemptions applied to each document, it was necessary to wait until a
time consuming quality review was completed to be able to provide an accurate and useful list.

(D.D.C. 2001); *Blanton v. United States Department of Justice*, 63 F. Supp. 2d 35, 43 (D.D.C.

1999) (approving use of representative *Vaughn* index of approximately 200 documents).

In *Bonner v. United States Department of State*, 928 F.2d 1148 (D.C. Cir. 1991), the D.C.

Circuit expressly approved of the approach to *Vaughn* indexing that EPA proposes here.

Specifically, the D.C. Circuit, in approving of a representative index of 63 out of 1,776

documents, reasoned as follows:

> Representative sampling is an appropriate procedure to test an agency's FOIA
> exemption claims when a large number of documents are involved . . . .
> Representative sampling allows the court and the parties to reduce a voluminous
> FOIA exemption case to a manageable number of items that can be evaluated
> individually through a *Vaughn* index or an *in camera* inspection.  If the sample is
> well-chosen, a court can, with some confidence, "extrapolate its conclusions from
> the representative sample to the larger group of withheld materials."
>
> Representative sampling thus involves a trade-off between the high degree of
> confidence that comes from examining every item for which exemption is
> claimed, and the limitations of time and resources that constrain agencies, court,
> and FOIA requesters alike.

928 F.2d at 1151 (quoting *Fensterwald v. United States Central Intelligence Agency*, 443 F.

Supp. 667, 669 (D.D.C. 1977)) (citations omitted).

Here, the 6,698 withheld documents at issue is a considerably greater number than the

1,776 documents at issue in *Bonner*.  The amount of documents Defendant proposes to sample,

200 documents, also represents a greater percentage of the withholdings than the sample in

*Bonner*.  Specifically, Defendant proposes to use sampling procedures that would allow for a

representative sample constituting approximately 3% of the withheld documents.

Plaintiff's suggestion that all fully withheld documents be part of the sample (1,715

documents) is simply not reasonable in view of the limitations of time and resources that

constrain the Court and the parties alike.  Indeed, such a proposal is more than the 1,108 partially

redacted pages at issue in *Fischer v. U.S. Dept. of Justice*, for which a representative sample was

deemed appropriate.  *See* 723 F. Supp. 2d 104, 107 (D.D.C. 2010).

Finally, in order to permit the Defendant sufficient time to prepare the sample *Vaughn*

index and any supporting declarations, Defendant proposes the briefing schedule be modified as

follows:  Defendant's Motion for Summary Judgment would be due 45 days after entry of the

Court's order on this motion; Plaintiff's opposition would be due 30 days after Defendant's

motion is filed; and Defendant's reply would be due 20 days after Plaintiff's opposition is filed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court permit the

submission of a sample *Vaughn* index as outlined above so that the Court and the Plaintiff may

review a subset of the withholdings claimed by Defendant to assess the bases for the exemption

claims.

Dated:  June 7, 2013

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN
Civil Chief, D.C. Bar # 924092

By:     */s/ Mary Elizabeth Stratton*
MARY ELIZABETH STRATTON
CA Bar # 138049
Special Assistant U.S. Attorney
555 Fourth St., N.W.
Room E-4226
Washington, D.C. 20530
202-514-7151

Mary.Elizabeth.Stratton@usdoj.gov