UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COMPETITIVE ENTERPRISE INSTITUTE,**<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>    Defendant. | Civil Action No. 12-1617 (JEB) |

## MEMORANDUM OPINION AND ORDER

This Freedom of Information Act case encompasses three requests that Plaintiff Competitive Enterprise Institute made to the EPA.  The request at issue in this Opinion – for e-mails in the EPA Administrator's secondary accounts containing specified words, see Compl., ¶ 25 – yielded 11,782 responsive documents.  See Mot. at 2.  Out of those documents, the EPA produced 5084 in full, withheld 4983 in part, and withheld 1715 in full.  See id.  An agency seeking to withhold records under FOIA must justify its withholding.  See 5 U.S.C. § 552(a)(4)(B).  The agency often meets this burden "by providing the requester with a Vaughn index, which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance."  Johnson v. Exec. Office for U.S. Att'ys, 310 F.3d 771, 774 (D.C. Cir. 2002); see also Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).  Daunted by the prospect of itemizing withholdings for 6698 documents, the EPA now moves for authorization to use a sample Vaughn index instead.

"Representative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved."  Bonner v. Dep't of State,

1

928 F.2d 1148, 1151 (D.C. Cir. 1991); see also U.S. Dep't of Justice, Guide to the Freedom of Information Act at 782-83 (2009 ed.). Sampling transforms "a voluminous FOIA exemption case [into] a manageable number of items that can be evaluated individually through a Vaughn index," yet a well-chosen sample can still be extrapolated from "with some confidence." Bonner, 928 F.2d at 1151. In Bonner, the sample included 63 of the 1033 partially withheld documents. See id. at 1149. In Meeropol v. Meese, 790 F.2d 942 (D.C. Cir. 1986), the sample had 1% of the 20,000 totally or substantially withheld documents, and none of the partially withheld documents. See id. at 948, 956-57. In Weisberg v. Department of Justice, 745 F.2d 1476 (D.C. Cir. 1984), the court eventually sampled 93 documents. See id. at 1490.

Here, the Court agrees that representative sampling is appropriate. A full Vaughn index here would unnecessarily burden "the limitations of time and resources that constrain agencies, courts, and FOIA requesters alike." Bonner, 928 F.2d at 1151. While the EPA proposes sampling 3% of all documents, see Mot. at 3, Plaintiff has considerably more interest in the fully withheld documents than in the partially withheld ones. See Opp. at 1-4. In view of that preference, the Court believes that the sampling here should focus on the former. The Court will therefore order the EPA to sample 10% of the fully withheld documents and 1% of the partially withheld ones – i.e., 172 fully withheld documents and 50 partially withheld documents. That makes the sample here larger than those discussed above. Cf. Bonner, 928 F.2d at 1149 (63 documents); Meeropol, 790 F.2d at 948 (approximately 200 documents); Weisberg, 745 F.2d at 1490 (93 documents).

The sample must be chosen randomly. Sampling "will yield satisfactory results only if the sample employed is sufficiently representative, and if the documents in the sample are treated in a consistent manner." Bonner, 928 F.2d at 1151. The EPA should therefore take every tenth

fully withheld document (the 1st, the 11th, the 21st, etc.) and every hundredth partially withheld document (the 1st, the 101st, the 201st, etc.).  If the sample reveals a high rate of inappropriate withholdings, moreover, "then the propriety of withholding other responsive, but non-sample, documents would come to the fore."  Id. at 1154.

One final note: Plaintiff complains that the EPA failed to comply with Local Civil Rule 7(m) in filing its Motion.  That Rule, which requires parties to confer before filing nondispositive motions, plays a pivotal role in litigation in this District.  It ensures that a court is forced to intervene only when the parties truly cannot resolve an issue themselves.  Here, however, because "the parties' routine and customary method of communication has been by way of e-mail since the inception of the case," and because "counsel exchanged numerous e-mails on the issue commencing as far back as April 24, 2013, that contained various different proposals in an attempt to reach some sort of an agreement on a sampling plan," Reply at 1-2 (emphasis omitted), the Court concludes that the EPA has satisfied its duty.

For the aforementioned reasons, the Court ORDERS that:

1. Defendant's Motion to Permit a Sample Vaughn Index is GRANTED;

2. Defendant's sample Vaughn index shall include every tenth fully withheld document and every hundredth partially withheld document; and

3. Defendant shall file its Motion for Summary Judgment regarding Request 1268-12 by August 12, 2013, Plaintiff shall file its Opposition by September 3, 2013, and Defendant shall file its Reply by September 13, 2013.

**SO ORDERED.**

                                                  */s/ James E. Boasberg*
                                                  JAMES E. BOASBERG
                                                  United States District Judge

Date:  June 27, 2013